UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANINE NARETTO, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF PETALUMA, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-10027-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION** |

A. <u>Background</u>

On October 5, 2021, the Court granted Plaintiffs' *ex parte* application for a temporary restraining order, temporarily enjoining Defendants from "closing the encampment at issue, evicting campers therefrom, seizing and disposing of their property, and/or arresting them for violating the anti-camping ordinance." Docket No. 7. The Court subsequently extended the TRO, Docket No. 25, and then converted the TRO to a preliminary injunction, Docket No. 45. The Court has continued to monitor the status of the preliminary injunction through periodic status conferences and evidentiary hearings; Defendants' request to dissolve the preliminary injunction remains under advisement since December 17, 2021. *See* Docket Nos. 53, 59, 69. The Court set a hearing on May 12, 2022 to decide whether to dissolve the injunction. Docket No. 69.

At the hearing on May 12, the parties stated appearances. The Court emphasized that in determining whether to dissolve the injunction, the Court must look at the facts as they exist now, and, specifically, who has standing at this stage in the litigation to seek preliminary injunctive relief.

B.    Applicable Law

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 70 (9th Cir. 2000). The inquiry under *Sharp* has two parts. The court must first address whether the party seeking dissolution of the injunction has established "a significant change in facts or law." *Sharp*, 233 F.3d at 1170. If this showing has been made, the court must then address whether this change "warrants. . . dissolution of the injunction." *See id*. "This latter inquiry should be guided by the same criteria that govern the issuance of a preliminary injunction." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019). In seeking dissolution of a preliminary injunction, however, the burden with respect to these criteria is on the party seeking dissolution. *See Alto v. Black*, 738 F.3d 1111, 1120 (9th Cir. 2013).

C.    Significant Changes in Facts

Each of the six plaintiffs named in the initial complaint and FAC have either left the encampment (Ms. Gossage), obtaining individualized housing on their own (Ms. Chomwangnapi and Mr. Drake), or have been provided individualized housing placements by the City (Mr. Erickson, Ms. Naretto and Mr. Holdway). The Court recognized that the claims of the Named Plaintiffs were moot, and dismissed them from the case. Docket No. 69.

The Court also dismissed organizational plaintiff HA! for failure to allege facts sufficient to support either associational or organizational standing. *Id.* The Court, however, granted Plaintiffs leave to amend, and in Plaintiff's Second Amended Complaint, they allege one new individual Plaintiff (Todd Simone), and added facts to support HA!'s organizational standing. *See* Docket No. 70 ("SAC") ¶¶ 76-82.

Defendants note that in the seven months that the Court's injunction has been in place, the City has dealt with over 140 calls for police service and over 30 calls for fire service at Steamer Landing Park. Docket No. 71 at 3. There are also continuing concerns about pollution of the adjacent river.

D.    Defendant's Burden

The determination of whether significant changes in facts warrant dissolution of a

preliminary injunction "should be guided by the same criteria that govern the issuance of a preliminary injunction." *Karnoski*, 926 F.3d at 1198. To succeed on a motion for preliminary injunction, a party must show that (1) they are likely to succeed on the merits of their claim; (2) they will suffer irreparable harm in the absence of relief; (3) the balance of hardships tips in their favor; and (4) a preliminary injunction is in the public interest. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The four-part test is also satisfied if "serious questions going to the merits [are] raised and the balance of hardships tips sharply in the plaintiff's favor" so long as there is also a likelihood of irreparable harm and an injunction would be in the public's interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

The Court issued its preliminary injunction based on the conclusion that the six Named Plaintiffs had raised serious questions going to the merits of their Eighth Amendment claim under *Martin v. City of Boise*, 920 F.3d 584, 617 (9th Cir. 2019), and that the balance of hardships tipped sharply in their favor. *See* Docket No. 45.

At this juncture, however, none of the Named Plaintiffs remain in the case. Thus, the basis underlying the Court's injunction is no longer present. Only two plaintiffs remain in the Second Amended Complaint; the evidence does not warrant extending the injunction as to those plaintiffs.

First, the allegations of harm to Plaintiff Homeless Action! for the most part do not relate to that which would be incurred if unhoused individuals were evicted from Steamer Landing Park. Much of it pertains to the resources directed to unhoused persons whether or not they are camped at Steamer Landing. To the extent there is reference to an increased burden in responding to the needs of unhoused persons if they are dispersed from Steamer Landing, HA! does allege some harm connected with that which would be incurred if the injunction were dissolved, that may be enough to establish organizational standing to sue under Article III, but it does not establish irreparable injury. At the very least, it is not enough to establish the balance of hardships tips sharply in its favor especially in view of the law enforcement and health problems identified by the City.

Second, based on the evidence in the record, Plaintiff Todd Simone has not made a showing of likelihood of success nor has he raised substantial questions on the merits. The

evidence in the record suggests that Mr. Simone was previously provided shelter that was adequate under *Martin*, but Mr. Simone was unable to adhere to the rules required to maintain that shelter through no fault of the City. Thus, even if Mr. Simone might suffer irreparable injury, he is not entitled to a preliminary injunction at this time on this record.

E.  Dissolution of the Injunction

The Court asked Defendants what steps they would take in the event that the preliminary injunction were dissolved. Defendants represented that they would provide notice to encampment residents of the dissolution of the injunction and then work with community partners to conduct comprehensive outreach to offer housing alternatives to each resident of the encampment over the course of approximately 1-3 weeks. Defendants represented that they would make diligent efforts to transition encampment residents into shelter or other housing alternatives. Defendants stated they would make use of an assessment tool for individuals with disabilities to evaluate the needs of residents and work to find accommodations or services that meet those resident's needs.

**The Court ORDERS the preliminary injunction at Steamer Landing Park shall be dissolved effective as of June 10, 2022**. This will allow sufficient time for encampment residents to prepare and ensure Defendants have sufficient time to carry out the outreach steps to encampment residents that they represented to the Court.

Defendants are **ORDERED** to submit a status report and updated chart detailing their outreach efforts and offers of housing to encampment residents by June 3, 2022. A further status conference is set for **June 10 at 3:30 p.m.**

The Court extended the deadline for Plaintiffs to respond Defendants' motion to dismiss the Second Amended Complaint to June 6, 2022. Defendants' reply brief is due June 16.

**IT IS SO ORDERED**.

Dated: May 16, 2022

_____
EDWARD M. CHEN
United States District Judge

4